## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JAHOLA THOMPSON,** individually
and on behalf of all other similarly
situated,

     **Plaintiff,**

**vs.**                              **Case No.:** 6:21-cv-1915-PGB

**STRADA SERVICES, INC.,** d/b/a
Strada Electric and Security, and
**JOSEPH STRADA**

     **Defendants.**

_____

### JOINT MOTION TO APPROVE SETTLEMENT
### AGREEMENT AND TO DISMISS WITH PREJUDICE

Plaintiff, JAHOLA THOMPSON ("Plaintiff"), and Defendants STRADA

SERVICES, INC. and JOSEPH STRADA ("Defendants"), hereinafter collectively referred

to as the "Parties," by and through the undersigned counsel, hereby file this Joint Motion

to Approve Settlement Agreement and to Dismiss with Prejudice, and state the following

in support thereof:

1.     Plaintiff filed the instant action alleging unpaid overtime compensation in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq.

("FLSA") (Doc. 1).

2.     Defendants opposed these claims, raising disputes regarding the following

issues: 1) the wages alleged to be owed to Plaintiff; 2) the number of hours worked by

Plaintiff; 3) whether Plaintiff had already been paid for all hours worked; and 4) Plaintiff's

allegation that Defendants willfully violated the FLSA.

3.     The parties, through their counsel, were involved in extensive settlement negotiations and in-depth discussions about the case.

4.     Plaintiff estimated that if he could establish that he worked all of the hours alleged on a week-by-week basis, he would be entitled to an amount of approximately $800.00 ($1,600.00 if the Court were to have awarded liquidated damages) to $1,000.00 in wages ($2,000.00 if the Court were to have awarded liquidated damages).  Plaintiff arrived at this calculation with his legal counsel based on his good faith estimation of the number of hours he worked each week.

5.     Defendants disputed the allegation that Plaintiff worked any unpaid overtime hours, or that he was performing directed off-the-clock work. Defendants denied owing Plaintiff any overtime compensation.

6.     Based on these discussions, analysis and exchange of information, the Parties stipulate and represent that there is a *bona fide* dispute between the Parties regarding the merits of Plaintiff's case and the back wages and other damages and relief claimed therein.

7.     Based on the facts and arguments discussed and presented between the Parties, Plaintiff and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate.

8.     Accordingly, Plaintiff agreed to accept the sum of Fifteen Hundred Dollars ($1500.00), which includes Seven Hundred Fifty 00/100 dollars ($750.00) in unpaid overtime compensation, and an equal amount of Seven Hundred Fifty 00/100 dollars ($750.00) in liquidated damages.  This represents a combined payment for all amounts alleged by Plaintiff to be owed to him, to include all alleged overtime wages and liquated

damages, and is an amount which represents a compromise between the fully liquidated amounts calculated by each of the Parties.

9.     The Parties then reached an agreement regarding the issue of attorney's fees and costs, pursuant to which Defendants have agreed to pay Plaintiff's counsel the sum of Three Thousand Dollars ($3,000.00), which is inclusive of Four Hundred Dollars ($400) in taxable and incurred advanced costs and expenses, to cover attorney's fees and costs that were incurred or fronted by Plaintiff's counsel.  The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiff.  A copy of the Settlement Agreement is attached to this Motion as **Exhibit "A."**

10.    The Settlement Agreement will result in Plaintiff receiving a payment immediately, instead of waiting for a possible payment at an unknown future date.  The Settlement Agreement further allows the parties to put this case and all issues related to Plaintiff's employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

11.    The parties entered into the Settlement Agreement with the intention of permanently resolving any and all FLSA claims asserted, or which could have been asserted, in the case against Defendants.

## DISCUSSION

12.    A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it constitutes a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement

3

reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*.

13.    With respect to attorney's fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla.2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id*.

14.    In the case at bar, the Parties stipulate that the issue of Plaintiff's recovery was negotiated independently and resolved to the Plaintiff's satisfaction. The amount of Plaintiff's recovery represented a compromise based upon a *bona fide* dispute as to the issues of whether wages are owed to Plaintiff; the number of hours worked by Plaintiff; whether Defendant willfully violated the FLSA; and whether liquidated damages should be imposed. Thereafter, the Parties, separately and without regard to the amount paid to Plaintiff, negotiated the amount of fees and costs that would be paid, and reached the agreement described above.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement and dismissing this action with prejudice.

Respectfully submitted, January 10, 2022

*/s/ Mitchell L. Feldman*
Mitchell Feldman Esq.
Florida Bar No. 0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Avenue,
Suite 101
Tampa, FL 33625
Tel: 813-639-9366

*/s Paul L. Sutherland*

Paul L. Sutherland, Esq.
Florida Bar No. 1008093
WILSON MCCOY, P.A.
100 E. Sybelia Ave., Suite 205
Maitland, Florida 32751
Telephone:   (407) 803-5400

Fax:813-639-9376                         Facsimile:    (407) 803-4617
mfeldman@flandgatrialattorneys.com       E-mail:
Attorney for Plaintiff                   psutherland@wilsonmccoylaw.com
                                         Attorney for the Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th day of January 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Mitchell Feldman
MITCHELL FELDMAN